IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-176-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAFIAMMA DEONTE DIBOH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss count two of the second superseding indictment or, in the alternative, to compel the government to elect between proceeding on count one or count two. (DE 44). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons that follow, counts one and two of the second superseding indictment shall be presented to the jury as alternative theories of one alleged offense.[1]

**BACKGROUND**

On June 7, 2017, defendant was named in a one-count indictment charging that on February 1, 2017, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1)[2] and 924.[3] On August 2, 2017, defendant was named in a superseding indictment, which

---

[1] As set forth in more detail below, the court agrees with defendant that the second superseding indictment is multiplicitous, which defect requires a remedy. The court does not agree, however, that either dismissal of count two or an order compelling the government to elect among counts is the proper remedy. In this manner, defendant's motion is granted in part.

[2] 18 U.S.C. § 922(g)(1) reads, in pertinent part, as follows: "It shall be unlawful for any person -- [] who has been convicted in any court of, a crime punishable by a term of imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition . . . ."

[3] 18 U.S.C. § 924 reads, in pertinent part, as follows: "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

added an additional count charging defendant with possession of a firearm and ammunition on January 29, 2017. On November 21, 2017, defendant was named in a second superseding indictment, which is substantively identical to the superseding indictment.

Defendant filed the instant motion November 22, 2017, seeking dismissal of count two of the second superseding indictment, which count embraces events taking place February 1, 2017, or, in the alternative, an order compelling the government to elect between proceeding on count one or count two, on the ground that the two counts constitute multiplicitous allegations of the same offense.

Also pending and referred to a United States magistrate judge for memorandum and recommendation is defendant's motion to suppress evidence seized pursuant to a warrantless seizure of defendant on February 1, 2017. (DE 35).

## STATEMENT OF FACTS

The facts forecast by the government may be summarized as follows. On January 29, 2017, in Raleigh, North Carolina, defendant approached Latoya Grimes ("Grimes") around 3:00 A.M. as Grimes was standing on Bragg Street. (DE 46 at 2). Defendant gave Grimes his phone number and told her to call if she needed drugs. (Id.). Grimes called defendant later that morning and met defendant at an apartment. (Id.) At the apartment, Grimes became involved in a verbal altercation with defendant's girlfriend, and, allegedly, defendant hit Grimes four times with a handgun, dragged her into the backyard of the residence, pointed the gun to the side of Grimes's body, and fired a round that brushed Grimes's leg. (Id. at 2–3). Officer M. Cornelius with the Raleigh Police Department was called to the scene around 8:30 A.M. and found, among other evidence, a spent shell casing. (Id. at 3).

2

On February 1, 2017, Officer W. Lane ("Lane") with the Raleigh Police Department was patrolling the South Park community in Southeast Raleigh when he observed five to 10 individuals, including defendant, loitering in the intersection of Branch Street and East Street. (Id. at 3–4). As Lane approached the intersection, defendant broke away from the group and walked toward a nearby apartment complex that had numerous "No Trespassing" signs. (Id.). Lane followed defendant and observed as defendant quickly shoved his right hand into his jacket pocket. (Id.). Lane eventually informed that he would search defendant for firearms, and defendant ran. (Id.). While in pursuit, Lane observed defendant reach into his jacket and throw a large black object onto the asphalt. (Id. at 5). After defendant was apprehended, Lane recovered the object, which was determined to be a loaded Taurus Millennium PT Pro .380 caliber, semi-automatic handgun, bearing Serial Number KCX47954. (Id.). Additional investigation revealed that the spent shell casing recovered January 29, 2017, was fired from the firearm recovered February 1, 2017.[4] (Id.).

## DISCUSSION

A.   Multiplicity

"Multiplicity involves charging a single offense in more than one count in an indictment." United States v. Colton, 231 F.3d 890, 908 (4th Cir. 2000) (internal quotations omitted). The

---

[4] In its statement of facts submitted in response to the instant motion, the government does not state expressly that either the firearm or accompanying ammunition forming the basis for the two counts are indeed the same. However, in his memorandum of law incorporated with the instant motion, defendant asserts, in multiple places, that the firearm and ammunition forming the basis for both counts are the same. (See DE 44 at 3 ("Here, the government has charged [defendant] with two counts of violating § 922(g) based on his possession of only one handgun and its ammunition . . . .") (emphases in original), 4 ("In this case, the government is charging [defendant] with two counts of violating § 922(g) arising out of his possession of a single firearm and its ammunition.")). The government, in its statement of facts, does not dispute defendant's account in this regard. (See DE 46 at 2–6). Moreover, where the government alleges that the shell casing recovered January 29, 2017, was fired from the firearm recovered February 1, 2017, any conclusion that the two counts rest upon possession of different firearms would be entirely speculative. As for the distinct question whether the two counts allege possession of different ammunition, nothing in the indictment or the government's statement of facts indicates that defendant possessed different ammunition on January 29, 2017, and February 1, 2017. For these reasons, the court construes the government's response to the instant motion as conceding that the firearm and ammunition forming the basis for counts one and two are the same.

multiplicity doctrine "finds its roots in the Fifth Amendment's [Double Jeopardy] clause, which assur[es] that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" Id. (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)) (second alteration in original). "[T]he principal danger created by multiplicity is that a defendant will receive multiple punishments for a single offense." Id. In addition, some courts have held that a multiplicitous indictment raises concern that a "prolix pleading may have some psychological effect upon a jury by suggesting to it that defendant has committed not one but several crimes." United States v. Ketchum, 320 F.2d 3, 8 (2d Cir. 1963); United States v. Duncan, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988) (same); United States v. Marquardt, 786 F.2d 771, 778 (7th Cir. 1986) (same).

"When a defendant is charged with multiple violations of the same statute arising from the same course of conduct, the court must determine what Congress has made the allowable unit of prosecution." United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (internal quotations omitted) (citing Bell v. United States, 349 U.S. 81, 81 (1955)). To determine the unit of prosecution, courts "must look to the language of the statute, being mindful that any ambiguity must be resolved in favor of the defendant under the rule of lenity." Id.; see United States v. Bass, 404 U.S. 336, 347 (1971). This rule of lenity ensures that criminal liability is not imposed absent fair warning "of what the law intends to do if a certain line is passed" and that "legislatures and not the courts [] define criminal activity." Bass, 404 U.S. at 348.

Applying these principles, every circuit court to address the question has held that possession is the unit of prosecution under 18 U.S.C. § 922(g) and that possession of the same firearm and/or ammunition is a "course of conduct" that is not punishable as multiple offenses unless possession is interrupted and reacquired. United States v. Benjamin, 711 F.3d 371, 378 (3d Cir. 2013) (citing

4

United States .v Ellis, 622 F.3d 784, 793–96 (7th Cir. 2010); United States v. Rivera, 77 F.3d 1348, 1351–52 (11th Cir. 1996); United States v. Horodner, 993 F.2d 191, 193–94 (9th Cir. 1993); United States v. Jones, 533 F.2d 1387, 1390–92 (6th Cir. 1976)); see also United States v. Destefano, No. 98-2054, 1999 WL 1319192, at * 1 (1st Cir. 1999) (same); United States v. Hope, 545 F.3d 293, 296–97 (5th Cir. 2008) (same); United States v. Jones, 403 F.3d 604, 606 (8th Cir. 2005) (same).[5] In a footnote to an unpublished decision, the Fourth Circuit declined to adopt this rule on procedural grounds, holding that defendant then at bar waived any multiplicity objection by failure to raise the issue before trial. United States v. Erby, 246 F. Appx. 228, 231 n.3 (4th Cir. 2007).

Nonetheless, as the cited appellate decisions have held, multiple considerations weigh in favor of holding that an indictment charging multiple counts of possession of the same firearm and/or ammunition under 18 U.S.C. § 922(g)(1) is multiplicitous unless possession is interrupted and reacquired. First, the text of 18 U.S.C. § 922(g)(1) makes it unlawful for anyone previously convicted of a felony to "possess" a firearm, see United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999) (noting that, while it should not be applied rigidly, the "verb test," under which courts look to the verb in a criminal statute to determine the nature of a substantive offense, has value as an interpretative tool), and "possession generally is understood as a course of conduct." Benjamin, 711 F.3d at 378 (citations omitted); see United States v. Mullins, 698 F.2d 686, 687 (4th Cir. 1983) ("[T]he character of the possession is to be found in the possessor's course of conduct."). Where possession is a course of conduct, the natural boundaries to set in determining when possession of the same item ends and begins anew are the moments of initial acquisition, interruption, and

---

[5] The cited cases refer, variously, to "reacquir[ing]" possession, see Ellis, 622 F.3d at 794, and subsequent acts of "establish[ing,]" possession, Jones, 403 F.3d at 1391, of the same contraband. These terms imply the same concept. For consistency, the court refers to "reacquisition" of possession throughout this order.

5

reacquisition of possession. See Benjamin, 711 F.3d at 378.

Second, where, unlike here, it intends to make the unit of prosecution narrower than an uninterrupted course of conduct, Congress knows how to conform statutory language to express that intent. See Bell, 349 U.S. at 83 ("When Congress has the will [of defining what it desires to make the unit of prosecution] it has no difficulty in expressing it[.]"); Shrader, 675 F.3d at 313–14 (holding that "18 U.S.C. § 2261A(2) unambiguously makes the victim, rather than the course of conduct, the unit of prosecution"); see also, 9 U.S.C. § 1324(A)(1)(B) ("A person who violates subparagraph (A) [defining certain immigration crimes] shall, <u>for each alien in respect to whom such a violation occurs</u> – [incur criminal liability.]") (emphasis added). This observation bolsters conclusion that Congress here intended to create a single offense, where other statutes delineate unambiguously a unit of prosecution narrower than a course of conduct, while 18 U.S.C. § 922(g)(1) does not.

Third, by treating uninterrupted possession as a single act, the court ensures that criminal liability under 18 U.S.C. § 922(g)(1) cannot be expanded arbitrarily as a function of the government's creativity in identifying colorable subdivisions of possession, which possibility confronts the precepts that the public is entitled to "fair warning" of the consequences of criminal activity and that "legislatures and not courts define criminal liability." Bass, 404 U.S. at 348. Relatedly, to any extent the term "possess," as used in 18 U.S.C. § 922(g)(1), does not illuminate the conditions under which possession may be held to begin and end, the rule of lenity provides that this ambiguity must be resolved in defendant's favor. Shrader, 675 F.3d at 313.

Under the government's interpretation of the unit of prosecution applicable to charges under 18 U.S.C. § 922(g)(1), defendant may be charged with multiple counts of possession on the basis

6

of his involvement in multiple "discreet incidences" wherein he possessed the same firearm and ammunition. On defendant's interpretation, by contrast, the government may charge only a single possession offense, even if that offense spanned multiple "discreet incidences." The parties propose no third option, and the court is aware of no precedent suggesting one. For this reason, to the extent the word "possess" is ambiguous as to the unit of prosecution it establishes, the rule of lenity requires adopting defendant's narrower interpretation and finding a single offense. See Shrader, 675 F.3d at 313.

In light of the foregoing, the second superseding indictment is multiplicitous where it alleges, in two counts, an uninterrupted course of possession of the same firearm and ammunition. That is, where the "unit of prosecution" under 18 U.S.C. § 922(g)(1) is possession and where uninterrupted possession of a firearm and ammunition constitutes a single offense for purposes of 18 U.S.C. § 922(g)(1), the second superseding indictment alleges the same offense in two counts, in excess of legislative authorization. Colton, 231 F.3d at 908.

The government argues that the indictment is not multiplicitous because each count involves a discreet incident supported by different evidence. In particular, the government relies upon United States v. Goodine. 400 F.3d 202 (4th Cir. 2005). In Goodine, the defendant was charged in separate counts of possession of a firearm (the "gun count") and possession of ammunition (the "bullet count") under circumstances where law enforcement discovered the firearm during search at defendant's residence but discovered the ammunition, consisting of one unfired bullet, on defendant's person during search at the jail where defendant was held on the night of arrest. Id. at 204–205. The defendant was acquitted on the bullet count, but the jury reached no verdict on the gun count. Id. at 205–206. The Fourth Circuit held that where the gun and bullet counts were not

7

multiplicitous, the defendant could be retried on the gun count without violating the Double Jeopardy Clause. Id. at 208–209.

Goodine is inapposite where the facts of Goodine raised possibility that the defendant possessed the firearm and bullet as distinct courses of conduct. In reaching this conclusion, the Fourth Circuit observed that law enforcement discovered facts giving rise to each count at different times and discovered key evidence in different places. Id. at 209. Therefore, in harmony with other case law addressing multiplicity, Goodine illustrates the proposition that where there is evidence that a defendant engaged in separate courses of conduct with respect to prohibited items, the government may charge both acts of possession as separate counts in an indictment. See e.g., Benjamin, 711 F.3d at 378; Jones, 403 F.3d at 606. However, where, as here, the government attempts to distinguish possession charges on the ground that defendant's possession spanned "discreet incidences," the indictment is multiplicitous.

The government argues, in the alternative, that the indictment is not multiplicitous because the firearm and ammunition were seized at separate times. In support of this argument, the government relies upon language from Goodine suggesting that the reason the gun count and the bullet count in Goodine were chargeable as separate crimes was that "the pistol and bullet underlying [the] indictment were seized at different times and in different locations[.]" 400 F.3d at 209. The court does not interpret the foregoing observation as a general rule that the government may charge multiple counts whenever law enforcement completes an investigation in phases. Rather, in Goodine, discovery of evidence at different times and locations, combined with distinct evidence supporting each charge and the defendant's own suggestion, arguably endorsed by the jury verdict, that his girlfriend caused him to acquire possession unknowingly of the ammunition

8

supporting the bullet charge, 400 F.3d at 205, raised possibility that defendant engaged in two separate possession offenses. See id.

Here, by contrast, the government alleges that law enforcement seized one bullet casing on January 29, 2017, while seizing the firearm and the remainder of defendant's ammunition on February 1, 2017. On these facts, seizure of evidence in multiple episodes does not establish that defendant engaged in more than one possession offense. That is, where the firearm and ammunition referenced in both counts describe the same items and where the government suggests no basis to conclude that defendant's possession of any firearm or ammunition was interrupted and reestablished, law enforcement's seizure of evidence on multiple occasions, standing alone, does not permit any inference that defendant engaged in multiple possession offenses. See Benjamin, 711 F.3d at 378; Hope, 545 F.3d at 296–97; Jones, 403 F.3d at 606.

For these reasons, the second superseding indictment is multiplicitous.

B.   Remedy

To remedy a multiplicitous indictment, the court, in its discretion, may compel the government to elect among the multiplicitous counts. United States v. Universal C.I.T. Credit Corp, 344 U.S. 218, 225 (1952). However, the practice of compelling election among counts "has no application to a case where the different counts are merely variations or modifications of the same charge." United States v. Maryland State Licensed Beverage Ass'n., 240 F.2d 420, 422 (4th Cir. 1957) ("The right of demanding an election, and the limitation of the prosecution to one offense, is confined to charges which are actually distinct from each other, and do not form parts of one and the same trans-action.") (internal quotations omitted).

The Fourth Circuit has held that one proper remedy for a multiplicitous indictment is to

submit both counts to the jury and, upon conviction, merge multiplicitous counts for sentencing. See United States v. Ashley Transfer & Storage Co., Inc., 858 F.2d 221, 224 (4th Cir. 1988). There is authority from other circuits holding that the district court may order merger of multiplicitous counts before trial in circumstances where, as here, the multiplicitous counts embody "the government's prosecution of one offense using alternative theories of liability . . . ." United States v. Platter, 514 F.3d 782, 787 (8th Cir. 2008); see United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997) ("We conclude the district court did not abuse its discretion in denying [defendant's] pretrial motion to dismiss one of the § 922(g) counts."). Pre-trial merger is available only if defendant will not suffer prejudice as a result. Platter, 514 F.3d at 787. The Fourth Circuit has neither endorsed nor disapproved the practice of pre-trial merger of multiplicitous counts in any decision of which the court is aware.

In the instant matter, either count of the second superseding indictment could stand as a valid charge. That is, allegation that defendant possessed a firearm and/or ammunition on either January 29, 2017, or February 1, 2017, each constitutes a separate and independent basis for criminal liability, albeit, under the circumstances presented here where both counts involve possession of the same items, conviction on either theory gives rise to liability for the same offense. Accordingly, where "the different counts are merely variations or modifications of the same charge[,]" Maryland State Licensed Beverage Ass'n., 240 F.2d at 422, merger of the multiplicitous counts is appropriate. Moreover, where a verdict form and/or necessary instructions may be crafted to ensure that the jury does not conflate the government's alternative theories, defendant will suffer no prejudice as a result of merger. See Platter, 514 F.3d at 787. Finally, where merger at sentencing will not alleviate concern that a "prolix pleading may have some psychological effect upon a jury by suggesting to

10

it that defendant has committed not one but several crimes[,]" Ketchum, 320 F.2d at 8, the court finds merger appropriate at this juncture. Therefore, counts one and two of the second superseding indictment shall be presented to the jury as alternative theories of one alleged offense.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss count two of the second superseding indictment or, in the alternative, to compel the government to elect between proceeding on count one or count two, (DE 44), is GRANTED IN PART. It is ORDERED that counts one and two of the second superseding indictment shall be presented to the jury as alternative theories of one alleged offense.

SO ORDERED, this the 26th day of January, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge