IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-176-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAFIAMMA DEONTE DIBOH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion for reconsideration of this court's order granting in part defendant's motion to dismiss count two of the second superseding indictment, or, in the alternative, to compel the government to elect between proceeding on count one or count two. (DE 56).

## BACKGROUND

The court proceeds here immediately to discussion of background pertinent to the instant motion where the full case background is a matter of record. Following this court's order granting in part defendant's motion, the government filed a bill of particulars wherein it is alleged, in relevant part, that "[t]he ammunition that forms the basis for Count One is one spent shell casing from a .380-caliber Speer bullet that was recovered on January 29, 2017" and that "[t]he ammunition that forms the basis for Count Two is the ten rounds of ammunition that were recovered from the firearm on February 1, 2017, to include at least one PPU .380 bullet, and at least one Speer .380 bullet." (DE 57). The same Taurus Millenium, PT 138 Pro .380-caliber semi-automatic handgun is at issue in both counts.

**DISCUSSION**

As an initial matter, the government's motion for reconsideration is organized in three parts. In the first part, the government reasserts argument that ammunition charged in counts one and two of the second superseding should be viewed as distinct. In the second part, the government registers disagreement with this court's reading of United States v. Goodine, 400 F.3d 202 (4th Cir. 2005), and its application to the facts at hand. In this manner, parts one and two of the instant motion reiterate arguments already considered and rejected by the court. With respect to these parts, the motion for reconsideration is denied, without more.

Part three of the instant motion hinges on clarification provided in the bill of particulars. The court turns its address now in that direction, and considers the question at hand in light of principles of law addressed in its prior order. The second superseding indictment, as supplemented by the bill of particulars, remains multiplicitous where it fails to allege that defendant possessed certain ammunition or groups of ammunition as separate courses of conduct, or that defendant's possession of the same ammunition was interrupted and reacquired. See e.g., United States v. Benjamin, 711 F.3d 371, 378 (3d Cir. 2013). At most, the government alleges only that defendant engaged in one course of possession with respect to any ammunition, which the government discovered, in part, on January 29, 2017, and, in remainder, on February 1, 2017. The government fails to allege, as it must to obtain conviction on multiple counts, that defendant's course of possession of ammunition discovered January 29, 2017, was distinct from his course of possession of ammunition discovered February 1, 2017. For this reason, permitting both counts to proceed separately would permit charging multiple offenses grounded in allegations of conduct narrower than the relevant "unit of prosecution." See United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (internal quotations

omitted) (citing Bell v. United States, 349 U.S. 81, 81 (1955)).

The government argues that because the single shell casing discovered January 30, 2017, which is the sole ammunition forming the basis for count one, could not have been possessed on a later date because it was discharged, the indictment is not multiplicitous, also where the 10 bullets recovered February 1, 2017, were a mix of Speer and PPU make ammunition. This argument fails because it rests upon attempt to narrow the focus of count one to the single shell casing that investigators discovered January 30, 2017, isolating conceptually that spent shell casing from the 10 bullets charged in count two, without providing any basis to conclude that defendant engaged in more than one overall course of possession with respect to any of the ammunition in question.

In this manner, the government distinguishes its charges in units smaller than the single course of possession of all contraband, consisting of a spent shell casing and 10 bullets, that the second superceding indictment and bill of particulars properly may be read to allege. As described previously, the unit of prosecution at issue is a course of conduct constituting possession. See e.g., Benjamin, 711 F.3d at 378. The unit of prosecution is not, as the government maintains, "pieces of contraband," or even the same contraband possessed "on different dates" or "under very different circumstances." (DE 56 at 10). Therefore, the fact that law enforcement discovered, on two separate occasions, partial evidence of a single course of possession does not establish that defendant engaged in more than one possession offense. The second superseding indictment as supplemented by the bill of particulars fails to allege facts supporting any contrary conclusion.

Moreover, the government advances no specific argument that turns upon observation that the subject ammunition included bullets of various makes. The court leaves for another day whether the presence of ammunition of various makes might, under the right set of facts, support an inference

3

that such items were possessed in separate courses of conduct, in, for example, some context where it is unlikely that bullets of certain makes could be acquired simultaneously. Here, the government forecasts no facts that would support any such inference. Accordingly, the court need not address further this detail.

## CONCLUSION

For the foregoing reasons, the government's motion for reconsideration (DE 56), is DENIED.

SO ORDERED, this the 14th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge